UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH LENTINE, III,                                Case No. 1:16-cv-646

    Plaintiff,                                       Black, J.
                                                    Bowman, M.J.
  v.

CHASE BANK, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, Plaintiff's *pro se* complaint has been referred to the undersigned for initial review. Although Plaintiff's claims are sufficiently stated to warrant further development under 28 U.S.C. § 1915, I recommend the denial of Plaintiff's motion for preliminary injunctive relief.

**I. General Screening Authority**

At the outset, this Court must conduct a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); see also Hill, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

## II. Analysis

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Plaintiff's complaint asserts the existence of both diversity jurisdiction, and federal question jurisdiction.

#### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop.* Co. v. Roche, 546 U.S. 81, 89 (2005). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 792 n.20 (D.C.Cir.1983); *see also Leys v. Lowe's Home Ctrs.,* Inc., 601 F.Supp.2d 908, 912–13 (W.D.Mich.2009) (holding complaint and notice of removal did not adequately establish diversity jurisdiction).

Diversity jurisdiction does not appear to exist on the face of the complaint, because the Plaintiff lists Ohio addresses for himself and for Defendant Fifth Third

Bank. (Doc. 1-1 at 2, 3). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Although a party's address is not dispositive of his or her citizenship, the listed addresses of Plaintiff and Fifth Third Bank strongly suggest that diversity of citizenship is lacking in this case.

### 2. Federal Question Jurisdiction

Although diversity jurisdiction does not appear to exist, Plaintiff has sufficiently alleged the existence of federal question jurisdiction, at least at this preliminary screening level. Liberally construed, Plaintiff alleges violations of the Federal Credit Reporting Act and/or the Truth in Lending Act, 15 U.S.C. §§ 1601 and 1681, as well as a violation of 47 U.S.C §1001. (Doc. 1-1 at 4). The relevance of the Communications Act is not facially apparent, but multiple courts have recognized the existence of various private rights of action under the FCRA. *See generally Beaudry v. TeleCheck Services, Inc.*, 579 F. 3d 702 (6th Cir. 2009); *Eddins v. Ceniar* FSB, 964 F. Supp.2d 843 (W.D. Ky. 2013); *Stafford v. Cross Country Bank*, 262 F. Supp.2d 776, 781-783 (W.D. Ky. 2003)(noting the existence of a private right of action under 15 U.S.C. § 1681n and o).

### B. Whether Plaintiff Has Sufficiently Stated a Claim

Liberally construing Plaintiff's complaint and drawing all reasonable inferences, it appears that Plaintiff is alleging that he may have been a victim of fraud and/or identity theft, insofar as he has or had some type of credit account with each of the three named Defendants. Plaintiff alleges that he experienced "fraud and account take over" beginning in "approximately March 2013 and continuing into July-August 2014" with "claims of fraud continu[ing] until today." (Doc. 1-1 at 5). His claims against each of

the three Defendants appear to be based upon each Defendant's failure to adequately investigate and/or resolve Plaintiff's notification of fraudulent charges on his account(s), as well as the Defendants' alleged false report(s) of the disputed charge(s) to unidentified credit bureaus.

Plaintiff specifically alleges that Defendant "Chase had accepted the plaintiff[']s claim of fraud and did not subsequently notify the defendant [sic] properly as how to proceed in resolving or continuing to maintain the account resulting in their charging off of the acct. [P]laintiff received no correspondence or adequate adjudication of disputed charges and claims the great majority of the account is fraudulent." (Doc. 1-1 at 5).

Plaintiff alleges that Defendant Discover Financial "accepted plaintiff[']s claim of fraud following investigation, then reused to maintain account subsequently reporting it as a charge to the credit bureaus as a charge off after informing plaintiff it had been resolved favorably." (Doc. 1-1 at 5).

Last, Plaintiff alleges that Fifth Third Bank accepted Plaintiff's fraud claim "on two credit card accounts and defendant [sic] would receive correspondence on how to proceede [sic], defendant received non subsequently reported as a charged off account." (Doc. 1-1 at 6). Plaintiff seeks one million dollars against each Defendant in compensatory damages, plus ten million dollars against each Defendant in punitive damages, as well as an order from this Court directing the Defendants to correct reports filed with the major credit bureaus and other injunctive relief.

Without prejudging the future disposition of any motions or defenses that may be asserted by the Defendants, the undersigned concludes that Plaintiff's claims are not so

4

deficient to be subject to dismissal as frivolous, malicious, or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

### III. Plaintiff's Motion for Preliminary Injunction

On the same date that he tendered his complaint, Plaintiff filed a motion seeking a preliminary injunction "to block any further reporting by the three major credit bureau's [sic] known as Trans Union, Experian and Equifax" of the credit card accounts issued by the three identified Defendants. (Doc. 2).

Plaintiff states in support of his motion that the referenced accounts "have been compromised by fraudulent use by a known person, a relative," and that Plaintiff has filed all "required police reports as well as with the IRS, FTC and with the Social Security [Agency]" and that the alleged "fraud has been ongoing since 1988." (Doc. 2 at 2). Plaintiff further states that he has fully cooperated with "all investigations by Defendants" but has been unable to resolve disputed charges, despite all investigations having been "found in favor of the plaintiff." (Doc. 2 at 2). Plaintiff's motion for injunctive relief includes additional allegations that relate to his underlying claims against each of the Defendants pertaining to the accounts held by those Defendants.

Plaintiff's motion for injunctive relief should be denied. In determining whether to issue a preliminary injunction, the Court balances the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a

5

preliminary injunction.

See *Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226-227 (6th Cir. 1996), citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977)(applying preliminary injunction factors to motion for temporary restraining order).

Plaintiff has not put forth adequate support of any of the relevant factors sufficient to warrant preliminary injunctive relief. Additionally, the injunction he seeks appears to be against non-parties (the three major credit reporting agencies) who are not Defendants to this action, and against whom no claims are articulated in Plaintiff's complaint.

### IV. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT Plaintiff's motion for a preliminary injunction (Doc. 2) be DENIED.

                                               *s/ Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOSEPH LENTINE, III,  Case No. 1:16-cv-646

    Plaintiff,  Black, J.
                                           Bowman, M.J.
    v.

CHASE BANK, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).