**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOSEPH LENTINE, III,                         Case No. 1:16-cv-646

      Plaintiff,                                 Black, J.
                                                 Bowman, M.J.
v.

CHASE BANK, et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, Plaintiff's *pro se* complaint has been referred to the undersigned. Upon initial screening under 28 U.S.C. § 1915, the undersigned found Plaintiff's claims to be sufficiently stated to warrant service upon three identified Defendants: Chase Bank U.S.A., N.A., Discover Products, Inc. incorrectly identified as Discover Financial, and Fifth Third Bank. The first two Defendants were dismissed with prejudice pursuant to settlement (Docs. 23, 28).

### I.  Pending Motion and Plaintiff's Failure to Prosecute

The third Defendant, Fifth Third Bank, filed a motion for judgment on the pleadings, to which Plaintiff failed to file any response. On March 1, 2017 the undersigned directed Plaintiff to show cause why the Defendant's unopposed motion should not be granted for the reasons stated. (Doc. 30). Plaintiff did not timely respond to the Court's "Show Cause" Order, and the record reflects that both that Order and a prior Order were returned to this Court as "undeliverable" to the address listed of

record.[1]  (*See* Docs. 27, 31).

**II.     Analysis**

Plaintiff's failure to keep the Court apprised of his current address alone warrants the dismissal of this action for failure to prosecute.  Plaintiff was expressly warned at the outset of this litigation that he was required to keep the Court apprised of any changes in address.[2]  Additionally, the Court takes judicial notice that Plaintiff previously had a case dismissed in this Court for failure to prosecute after he neglected to update the Court with a change in address.[3]  It has become apparent from Plaintiff's failure to respond to the pending motion for judgment on the pleadings, from his failure to provide Rule 26(a) disclosures as required,[4] and from his failure to update his address or to respond to the Court's "Show Cause" Order, that Plaintiff is no longer actively pursuing the prosecution of his claims against Fifth Third.

In addition, the undersigned has reviewed the Defendant's well-reasoned and persuasive memorandum of law in support of its pending motion for judgment on the pleadings.  The totality of the allegations against Fifth Third state that Plaintiff's "fraud claim had been accepted on two credit card accounts and defendant would [receive correspondence] on how to [proceed], defendant received non subsequently reported

---

[1]On November 10, 2016, Plaintiff filed to appear for a scheduled telephonic case conference in this matter, only requesting a continuance due to an alleged medical condition after the courtroom deputy contacted him to inquire about his failure to appear.
[2]The Court acknowledges that a different address than the address appearing of record is listed on notices of dismissal pertaining to other Defendants, (Docs. 23, 28), but it is not the practice of this Court to verify a plaintiff's current address.
[3]The same Plaintiff filed Case No. 1:16-cv-678-MRB-KLL, and Case No. 1:10-cv-474-HJW-KLL. Plaintiff's 2010 case also was dismissed for failure to respond to pending motions to dismiss, and for failing to respond to the Court's show cause order.  (*See* Doc. 38, recommending dismissal for failure to prosecute based upon failure to respond to pending motions and show cause orders).
[4]Although Plaintiff's failure to produce Rule 26(a) disclosures may not be sufficient to warrant dismissal standing alone, Plaintiff's nondisclosure here, after his deadline to do so was extended by defense counsel, provides further evidence of Plaintiff's abandonment of his claims.

as a charged off account." (Doc. 5, Complaint at 14, corrections only of spelling errors).

The undersigned agrees with Defendant that the sparse allegations alleged fail to state any cognizable claim for relief under the Communications Assistance for Law Enforcement Act, under the Fair Credit Reporting Act, or under the Truth in Lending Act. The first of these federal laws does not appear applicable, since Defendant is not a telecommunications carrier and no relevant facts are alleged relating to the interception of wire or electronic communications.

Under the FCRA, Plaintiff could be entitled to relief if he had stated a claim alleging that Fifth Third had failed to investigate and/or to resolve fraudulent charges on his account pursuant to 15 U.S.C. § 1681s-2(b). However, for the reasons set forth by Defendant, Plaintiff's allegations fall far short of alleging the requisite elements of such a claim. Among other deficiencies, Plaintiff has failed to allege that Fifth Third acted negligently or willfully, and has failed to allege facts demonstrating that he complained to a credit reporting agency, that the credit reporting agency notified Fifth Third, or that Fifth Third failed to conduct a reasonable investigation.

Last, even if Plaintiff's sparse allegations could otherwise state a claim under TILA, any such claims would be time-barred since the actions that Plaintiff complains of occurred in March 2013 and July/August 2014, but Plaintiff did not file this complaint until June 30, 2016, more than one year after the actions complained of occurred.

**IV. Conclusion and Recommendation**

For the reasons stated, IT IS RECOMMENDED THAT Defendant's motion for judgment on the pleadings (Doc. 29) be GRANTED.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH LENTINE, III,            Case No. 1:16-cv-646

    Plaintiff,                 Black, J.
                                 Bowman, M.J.
    v.

CHASE BANK, et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).